WILLIAM W. PARVIS, Defendant below, plaintiff in error, *v.* SAMUEL P. TRUAX, plaintiff below, defendant in error.

*Replevin— Venue.*

In an action of replevin the *locus in quo* is "material and traversable" and the venue must be alleged and proven.

(*November 9, 1887.*)

WRIT OF ERROR to Superior Court, Kent County.*

At the trial of this cause, at the April Term, A. D. 1886, it was proved by Samuel P. Truax that William H. Grasley, some time prior to the 18th day of April, A. D. 1884, informed him, the said Truax, that he wanted to buy of him a certan horse, and that he, the said Truax, informed him that he would take one hundred and fifty dollars for the said horse. That on the 18th day of April, A. D. 1884, the said William H. Grasley went to the home of the said Truax and renewed the treaty for the purchase of said horse. That said Truax then told said Grasley that he would take one hundred and fifty dollars for the said horse, and he, the said Grasley, agreed upon that price, and then also said he would like to have time, as he had not the money to pay the cash, to which said Truax replied —all right. That it was then agreed between them that the purchase money for said horse should be secured by two judgment notes for seventy-five dollars each, bearing date April 18th, 1884, and payable in four and six months. That this conversation occurred in the lane running by the barn. That the said Grasley and Truax then went into the house of the latter, and said Grasley filled up and signed two judgment notes, according to the understanding and agreement made between them in said lane. That said Grasley then handed the said notes to said Truax, who examined them, and said, "they are all right," and laid them on the table· That immediately afterwards a conversation between them ensued about the horse, lasting for a very short time, after which the said Grasley, without any demand or solicitation on the part of said Truax, told him, the said Truax, that he, the said Grasley, had better give him an article of agreement, to show that the said horse was to belong to the said Truax until the said notes were paid, in order to protect

---

*See this case in Court below reported on page 330, Current Volume.

him, the said Truax, in case of said Grasley's death.  That said Truax then said—" Suit yourself."  Whereupon the said Grasley endor<sub>s</sub>ed the following writing upon the said note last payable, viz :

" Smyrna, April, 1884.  This day I have bought of Samuel Truax, one bay colt, four years old.  The said colt belongs to him until this two notes are paid.

Witness—Robert Mitchell.            W. H. GRASLEY."

Samuel P. Truax also testified that after said Grasley had written and signed the endorsement above mentioned, Graseley and said Truax went to the stable, and Truax put a halter upon the horse and delivered him to the said Grasley.

Samuel P. Truax, at the time of the sale of the. said horse said he would have trused the said Grasley for five hundred dollars worth of stock.

Samuel P. Truax further testified that, prior to the issuance of the writ of replevin, that he, the said Truax, in company with Isaac Truax, his brother, went to the said William W. Parvis and told him that he would like to have the said horse ;. to which said Parvis replied—" I cannot spare him."  The said Samuel P. Truax then said—" Would he let him have the horse if he could get as much for him as the sheriff sold him for ?" to which the said Parvis then replied—" I cannot spare him."

It was also given in evidence by Isaac Truax, witness for said Samuel P. Truax (who was present at the time the said Samuel P. Truax told the said Parvis that he would like to have the said horse), that the said Samuel P. Truax demanded the said horse; to which the said Parvis replied—" I cannot spare him."  That the said plaintiff also gave in evidene the writ of replevin in the case with return thereon of the Sheriff of Kent County, showing that defendant retained the horse mentioned by giving counter bond.

There was evidence on the part of the said William W. Parvis that the said judgment notes were absolutely assigned to William P. Smithers on the 11th day of October, 1884, which assignments were in the words and figures following, to wit :

" For  value  received I do hereby  transfer and assign to Wil-

liam P. Smithers, his executors, administrators, and assigns, all my right and interest in and to the within note. Witness my hand and seal this 11th day of October, A. D. 1884.

. SAM'L P. TRUAX, [SEAL]·

Witness—George Underwood, Thomas A. Reese."

" For value received I hereby transfer and assign to William P. Smithers, his executors, administrators, and assigns, all my right and interest in and to the within note. Witness my hand and seal this 11th day of October, A. D. 1884.

SAM. P. TRUAX, [SEAL.] .

Witness—George Underwood, Thomas A. Reese."

With marks drawn across the same.

It was further testified by the said Samuel P. Truax that the said notes were never reassigned to him by the said William P. Smithers, although he states that he had redeemed said notes and paid the principal and interest thereof to the said Smithers and that said notes were delivered into the possession of said Samuel P. Truax by the said William P. Smithers.

That there was further given in evidence, on the part of the said William W. Parvis, a postal card, addressed to John S. Herrington by the said Samuel P. Truax, in relation to the costs of the said suit, in the words and figures following, viz:

" SMYRNA, March 8, 1886.

Mr. John S. Herrington—Dear Sir: Yours at hand. In reply will say, you will have look to Isaac Truax for the costs, as he agrees to pay all costs in said suit. This agreement he made with Mr. Fulton. I have turned all my claim over to him. He employed Mr. Fulton to work up the matter, and proposes to make witness of me when needed.          S. P. TRUAX."

Samuel P. Truax, being recalled by plaintiff, declared that he had spoken to his brother, Isaac Truax, about paying the costs in the suit, as he was short of funds, and the above card had reference to that fact; and the said Isaac Truax, being recalled, declared he had not a cent's worth of interest in the case, but it was altogether his brother's.

A question was also made between the counsel on each side in regard to where the alleged demand was made by the plaintiff upon the defendant for the horse, the plaintiff's counsel contending that both Samuel P. Truax and Isaac Truax said it was at defendant's stables in Leipsic, and the defendant's counsel contending that the place of the alleged demand was not mentioned by the witness. This question was submitted to the jury by the Court.

And thereupon the counsel for the said William W. Parvis prayed as follows:

1. That the action being local and the venue not proven, the plaintiff is not entitled to recover.

2. That it must be proven that there was a positive demand and refusal before the replevin writ was issued, otherwise plaintiff is not entitled to recover.

3. If the jury believe the agreement for conditional sale was signed after the terms of sale were complete; or that said agreement was a mere afterthought and voluntary act of William H. Grasley; or that said agreement was merely for the benefit of said Grasley, and designed to protect the horse from his creditors, the plaintiff is not entitled to recover.

4. It is for the jury to say whether plaintiff did not, by the absolute assignment of the two notes, or by the transfer of all his claim—as mentioned in the postal card—or by other action or conduct, waive any condition which may have been connected with the original sale.

Whereupon the Court charged the jury as reported on page 333, current volume.

### ASSIGNMENT OF ERROR.

1. That the Court erred in declining to give the first instruction, as prayed for by the defendant.

2. That the Court erred in charging the jury that the action of replevin is transitory, except in cases of damage feasant and distress for rent.

3. That the Court erred in charging the jury that "the action " of replevin having been extended, particularly in this country, " to illegal taking of personal property, under any circumstances, " against the owner's consent, and being in fact a very familiar,

37

" and, in truth, the only action where the very goods *in specie* can
" be recovered; which were tortiously taken, it would seem most
" reasonable that it should, as to such cases, be no longer treated
" as a local action."

4. That the Court erred in charging the jury that the 12th
section of Chapter 106 in the Revised Code, about " pleading and
practice," " would seem to have been intended to dispense with
" any statement of venue, or proof of it, in any suit, except where
" the facts, or nature of the case, show that the suit has (where the
" form, for example, is trespass on case) relation to, or is in some
" way connected with the realty."

5. That the Court erred in charging the jury that—" without
" intending, however, to decide the question," (that is, the question
whether the action of replevin is local or otherwise)—" definitely,
" it is sufficient to say, that as we declined to non-suit the plain-
" tiff at the close of his case, for alleged want of proof of venue,
" so now we refuse to give the jury the instruction the defendant
" prays for; besides it would be improper to do so, in view of the
" fact that the plaintiff contends, though disputed by the defend-
" ant, that he proved the alleged demand and refusal to have been
" made on the defendant in the county.  That is for the jury."
Whereas the Court ought to have charged the jury that if the jury
believed that there was not sufficient proof that the said Samuel P.
Truax did make a demand upon the said William W. Parvis for
the said horse, and that he, the said Parvis, refused to surrender
the same, in Kent county aforesaid, then they should find for the
defendant.

6. That the Court erred in declining to instruct the jury that
the action of replevin is local.

7. That the Court erred in not charging the jury according to
the third prayer of the defendant.

8. That the Court erred in charging the jury " that while the
" question " (that is, whether the sale of said horse was condi-
tional or absolute,) " is not one altogether free from difficulty,
" still we think that everything that was done upon the occasion
" of closing the negotiations should be treated as part of them, as
" they were simultaneous.  It is true that when the notes were
" drawn up and signed, read by Traux and approved, the original

" understanding or bargain was complete, and Grasley could then
" have demanded the horse, and no right to refuse delivery would
" have existed; yet the proposal of Grasley with respect to owner-
" ship, accepted by Truax, in effect opened the agreement and
" added a new term to it—just as a new stipulation added to a
" closed contract, made in the proper manner, before the separa-
" tion of the parties, and intended to form a part of it, is treated
" to be a part of it. It is a contemporaneous writing about the
" same subject matter, and, when so intended, is part of the orig-
" inal. In this view we decline to give you the third instruction
" in question."

9. That the Court erred in charging the jury in respect to the
second prayer of the defendant, that " it is common enough for a
" party holding another's obligation, for example, to present it and
" say, ' I should like to have the money on this.' No doubt a
" debtor well understands what such a communication means."
Because such language or example employed to illustrate the point
in hand was calculated to mislead the jury as to the nature and
character of the legal demand that said Truax was required to
make upon the said Parvis for said horse, in order to maintain his
writ of replevin.

10. That the Court erred in charging the jury that " with re-
" spect to the fourth and last prayer, we yield to it so far as to say,
" that if you are satisfied that by the assignment of the notes by
" Truax to William P. Smithers he intended to make an election
" or choice between his two remedies for the sale of his horse, and
" chose to rely upon the notes for the purchase money, rather than
" the right to retake, secured by the contract of sale, he must be
" held to that choice and fail in this action." Whereas the Court
ought to have charged the jury that by the absolute assignment of
the two notes by Truax to Smithers, the said Truax waived any condi-
tion which may have been connected with the original sale, if any
condition ever did exist.

11. That the Court erred in charging the jury that " As to the
" postal card offered in evidence by the defendant, it cannot be
" held to defeat this action, the cause of which having been trans-
" ferred to Isaac Truax, is treated as subsisting for his benefit."

*James Pennewill* and *James L. Wolcott* for the plaintiff in
·error :

At common law replevin would lie not only in cases of distress
and damage feasant, but also in other cases of wrongful taking.

*Vin. Abridg.*, Vol. 18, 576; 6 Comyn. Digest, 224; *Archi-
bald's Nisi Prius*—Law Library, 49, top pags, 442; 1 Tidd's
Practice, 4 and 5; 1 Chitty's Pleadings, 164; *Meller v. Leather &
Clough*, 72 Eng. C. L., 619 (Ellis & Black, 1, 619); *George v.
Chambers*, 11 M. & W., 149; *Stephen on Plead*, 2 Appendix, Note
2, CIX.; *Saund. on Plead. and Ev.*, 228; 2 Sel. Nisi Prius., 348;
3 Coke (Sir Henry Constable's case), 107–108; 7 Coke, 80–81;
*Pangborn v. Patridge*, 7 John., 140; *Sleeper & Co. v. Osgood*, 50
N. H., 331.

Replevin was at common law a local action, and is the same
in this country wherever it is not changed to a transitory action by
legislative enactment.

1 Saund., 347, Note 1; 1 Chitty's Plead., 268; Saund. Plead.
& Ev., 287; Stephen on Plead., 161; *Sleeper & Co. v. Osgood*, 50
N. H., 331; 2 Greenl. Ev., Sec. 562; *Robinson v. Mead*, 7 Mass.,
353; *Emmett & Emmett v. Briggs*, 1 Zabriskie, 53; *Williams v.
Welch*, 5 Wend., 290; *Windsor v. Boice*, 1 Hous., 605.

The 12th Section of Chap. 106 of Revised Code of this State,
concerning " Pleading and Practice," does not change the common
law character of replevin, and make the same a transitory action.
The venue therefore must be laid in the declaration and proved at
the trial.

In an action of replevin for the detention of property, where
the taking was lawful, the plaintiff, before he can recover, must
prove that he made a demand for the property before the writ was
issued, and that the defendant refused to deliver it up.

Any agreement whereby the sale of personal property is made
conditional and not absolute, must be a part of the original con-
tract of sale.

*Alderdice et al. v· Truss et al.*, 2 Hous., 268.

In cases of conditional sales the vender may waive the condi-
tion and thereby make the sale absolute. In this case the condition

was waived by the absolute assignment of the notes given to secure the purchase money for the horse, whereby the vender relinquished his right to retake the horse.

Conditional sales are not favored in law, especially where the rights of innocent third parties have intervened.

*J. Alexander Fulton*, for the defendant in error.

## I.

The action is not local.

1. Not by the principles of the common law. 1 Chitty Pl., 268; *MeKenna v. Fisk*, 1 How., 241; *Robinson v. Mead*, 7 Mass., 353; *Williams v. Welch*, 5 Wend., 290.

2. Not under our statute. Revised Code, chapter 106, sections 12, 19.

3. The question was left to the jury. See opinion.

## II.

The sale was not complete till the horse was delivered. The bargain was made at one single interview, without break or interruption whatever, and ended in the delivery of the horse.

## III.

Whether or not there was a demand was properly left to the jury.

## IV.

In regard to the assignment:

1. It was fully cancelled before demand was made for the horse, or suit brought, and the assignee fully paid.

2. It was a transaction between other parties, and the defendant had no concern with it.

3. The horse " *belonged* " to the plaintiff until the notes " *were paid*," and, as they never were paid, it mattered not who held them.

## V.

As to the effect of the postal card, it is only necessary to say that the Court, under the evidence, charged much more favorably for the defendant than he had any right to expect.

1. The card itself proved nothing. But

2. The evidence of both Samuel P. and Isaac Truax fully explained the postal and showed that Isaac had no interest whatever in the suit.

Samuel testified, in regard to the check, (see bill of exceptions,) "I had spoken to my brother Isaac about paying the costs in the suit, as I was short of funds, and the card had reference to that fact."

Isaac testified : " I have not a cent's worth of interest in the case ; it is altogether my brother."

HOUSTON, J., delivered the opinion of the Court:

The main question presented in this case is whether an action of replevin for a horse wrongfully taken and detained by the defendant below from the plaintiff below, on a demand made by him for the possession of it, is a local or a transitory action in the Courts of this State? At common law in England it was ruled as early as the reign of Queen Elizabeth, at least, that the action of replevin is a local action, and that it is necessary to allege in the declaration in it the place of taking, as well as the vill or parish, otherwise the defendant may demur ; but the omission is cured by pleading over or after verdict. The place, and vill or parish are material and traversable. 1 Saund., 347, *n.* (1.) by William Hob., 16 ; *Reade v. Hawke,* Cro. Eliz., 896 ; *Ward v. Lavile,* Moor., 678, *Ward v. Lakin,* 1 Brownl., 176 ; *Read v. How,* 1 Sid., 9, 10 ; *Weston v. Carter,* Carth., 186 ; *Traverton v. Hicks.* Where the defendant took the goods in another place than is mentioned in the declaration, he may plead *non cepit,* and give that fact in evidence, and non-suit the plaintiff. 1 Str., 507, *Johnson v. Wollyer.* The report of the case is brief. It was tried at Guildhall before Pratt, C. J., in the 8th year of the reign of George the First. Replevin in London, defendant appears upon an *elongata,* plaintiff declares for taking guns *in quodam loco vocat'* the *Minories* in *London;* defendant pleaded *non cepit modo et forma.* At the trial the plaintiff proved the taking at Rotherhithe in Surrey ; upon which it was objected that the plaintiff had not proved his issue, for the place is material, and therefore part of the issue under the *modo et forma.* The counsel for the plaintiff admitted that it was traversable ; but insisted that by not traversing it particularly, the place

was admitted, and could not be insisted on upon *non cepit.* But the *Chief Justice* held that where the defendant avows at a different place, in order to have a return, he must traverse the place in the count, because his avowery is inconsistent with it; but where he does not insist upon a return, he may plead *non cepit,* and prove the taking to be at another place, for it is material. Whereupon the plaintiff was non-suit.

In the same note Williams also says: The plea of *cepit in alio loco* is to be considered as a plea in bar and not in abatement; and it is upon this authority and the cases cited by him that Mr. Greenleaf in his American work on evidence lays down the rule of the common law on this question in the action of replevin in the following terms: "The general issue in this action is *non cepit,* which admits the plaintiff's title, and under which it is incumbent on the plaintiff to prove, that the defendant had the goods, in the place mentioned in the declaration; for the action being local, the place is material and traversable. Proof of the original taking in that place is not necessary, for the wrongful taking is continued in every place in which the goods are afterwards detained. But under this issue the defendant cannot have a return of the goods; if found for him, it merely protects him from-damages. If he would defend on the ground that he never had the goods in the place mentioned, he should plead *cepit in alio loco* which is a good plea in bar of the action. This plea does not admit the taking as laid in the declaration; and therefore, the plaintiff must prove such taking or fail to recover. 2 *Greenl. Ev. Sec.* 562. And this so far as the venue of the county, at least, is concerned, we have always understood and considered to be the rule in the courts of this State in all actions of replevin for the wrongful taking or detention of personal property, and not merely when the action is for distress for rent, or for cattle damage feasant; as it has long been, and still is an action of more frequent occurrence in this State for the wrongful taking or detention of goods and chattels with out such a claim, than with such a claim on the part of the defendant, and has as long existed here without any distinction being recognized between them in respect to the application of this rule, either by statute or the decision of our Courts, until this case occurred in the Court below; for we do not think

that the statutory provision contained in chapter 106, section 12, Rev. Code, 648, abolishes, or was designed to abolish this rule and principle of the common law so long established in the pleading and practice of the Courts of this State, as to the materiality of the place of taking mentioned in any action of replevin, nor in any other action or case where the place of taking, or in which the act is alleged to have been done, the place may be material or traversable. · The words of the section are, " It shall not be deemed necessary, in any declaration, or other pleading, to lay the venue in the county in which the action is brought, nor to set forth in any manner the place in which an act is alleged to have been done, unless when, from the nature of the case, the place may be material, or traversable." But we have seen from the authorities before cited that at common law, and according to the long established course of pleading and practice in actions of replevin in the Courts of our State, the place of the taking of the goods alleged in the declaration, on an issue presented by the plea of *non cepit modo et forma*, or of *cepit in alio loco*, which have been and still continue to be very common pleas here in the action, has uniformly been considered to be material and traversable ; and so far from considering that the Legislature intended to alter or abolish this rule of pleading and practice in the action replevin in this State, we are strongly inclined to think it was designed to exempt and exclude it from the operation of the section just read under the exception embraced in the concluding words of it, as follows : It shall not be deemed necessary in any declaration, or other pleading, to lay the venue in the county in which the action is brought, nor to set forth in any manner the place in which an act is alleged to have been done, " unless when from the nature of the case, the place may be material, or traversable." As we understand the rule of the common law and the pleading and practice in the Courts of this State at the time of the enactment of the section and chapter referred to in all cases of civil actions, there is none to which this exception would more clearly and conclusively apply than in an action of replevin as then known and recognized here. Nor can we think there is any good ground for a difference or distinction in the meaning and import of the terms themselves between " the nature of the case " as it occurs in this clause of this section, and " the

nature of the action" as usually employed by members of the profession and writers on the law. "A case," as here referred to and the word employed imports means a civil action of some form and nature between two or more parties in a Court of law, either decided or still pending, which may be of different kinds, but the first and most prominent distinction between them, when they differ from each other, is the form and legal nature of the action in which the case is instituted, and the best general indication of this distinction in the nature of these different cases in Courts of law, is the different forms of action in which they are commenced. The judicial record of such cases when completed and made up in Court consist of the original writ which fixes the form of the action at common law, the declarations, pleadings and issues joined in it, and the judgment of the Court thereupon. And if the plaintiff mistakes the nature of his case or the nature and form of the action adapted to it, in general at common law he cannot maintain the action, but will be non-suited by the judgment of the Court if demanded on the other side. The pleadings also vary very considerably in these various actions and cases at common law with the several forms of action appropriately adapted to them, and with the issues of fact as well as law joined and presented in the pleadings; but whatever may be the form of the action or the difference of the pleadings in it from those in any other action, each is alike usually termed a case, or an action at law, and usually import one and the same thing; and accordingly the words "the nature of the case," as employed in this provision of the section, means the same as if the words employed in this connection had been "the nature of the action," instead of the nature of the case, for it is the difference in the nature and character of the various actions at law which constitutes the substantial distinction between them; and we therefore consider this exception in the 12th section of the chapter to mean in general terms the same thing in this case now before the Court, as if it had specially provided, in the following terms: "unless when, from the nature of the case, as in an action of replevin, the place may be material, or traversable."

As it appears from the record that the Court below declined to sustain the motion for a non-suit on the alleged ground that the plaintiff had failed to prove the venue of the action in Kent

County as laid in the declaration, but concluded to leave the question as to the proof on that point to be decided by the jury subject to the instructions of the Court when it should come to charge them generally on the evidence and the points of law in the case, with our conviction and belief that the action of replevin is a local action in all cases under the rules of pleading and practice long established in the courts of this State, we have come to the conclusion that the Court below should have instructed the jury in explicit terms in its charge to them in the case, with the further instruction under the circumstances that unless they were satisfied from the evidence before them that it had been proved that the cause of action, the taking or detaining of the horse in question by the defendant from the plaintiff, was in Kent County, the plaintiff could not recover in the action, and their verdict should be for the defendant. But as it declined to give such instructions to the jury, although prayed for by the counsel for the defendant below, we consider that it was error in the Court to do so ; and therefore the the judgment of this Court is, that the judgment of the Court below must be reversed, and it is reversed.