ERVING WOLFE *vs.* BALTIMORE AND PHILADELPHIA STEAMBOAT
　　COMPANY, a corporation of the State of Maryland.

VENUE—ACTION FOR PERSONAL INJURIES—MATERIALITY—STATUTE.

　　Under *Rev. Code* 1915, § 4178, providing that it shall not be necessary in
any declaration to lay the venue in the county in which the action was
brought, nor to allege the place in which an act is alleged to have been done,
unless from the nature of the case the place may be material or traversable,
the venue of an action for personal injury in a court of general jurisdiction is
not material or traversable, and a declaration for personal injury committed in
another state, not laying the venue in the county, was not demurrable.

(*June 7, 1916.*)


Judges RICE and HEISEL sitting.

*Walter J. Willis* for plaintiff.

*Thomas F. Bayard* for defendant.

Superior Court, New Castle County, May Term, 1916.

ACTION on the case for personal injuries, No. 63, March
Term, 1916.


Action by Erving Wolfe against the Baltimore & Philadelphia
Steamboat Company. Demurrer to declaration overruled.

　　*Mr. Bayard:* The first count alleges that the accident
occurred "in the Chesapeake Bay," without stating a fictitious
venue in New Castle County, as required by *Section* 4178, *Code*
1915. It does not appear whether it was in the jurisdiction of
Maryland or Virginia. The second count sets out the place as
in the State of Maryland, without setting up a fictitious venue,
to wit, New Castle County.

　　The third count omits venue. The point of the demurrer is
that the declaration in no part sets out the jurisdictional venue.

　　Mr. Willis, in reply, cited the following authorities in opposi-
tion to the contention of the defendant: *Section* 15, *Rev. Code*
1915, *Par.* 4178; *Chitty's Plead.* 267–269; *Hammer v. Pierce*, 5
*Harr.* 304; 40 *Cyc.* 105.


　　HEISEL, J., delivering the opinion of the court:

　　This is an action for personal injuries; the allegations of the
*narr.* being that the tort was committed on the Chesapeake Bay

within the State of Maryland, and nowhere lays the venue in this county.

The defendant demurred to the declaration, and alleged as grounds of demurrer the failure to lay the venue in this county.

In actions of this character, in a court of general jurisdiction, the place is not material or traversable (1 *Chit. on Pleading*, 260, 268, 394; 1 *Woolley on Del. Prac.*, § 349), and therefore within the provisions of *Section* 4178 of the *Code*, which is as follows:

"It shall not be deemed necessary, in any declaration, or other pleading, to lay the venue in the county in which the action is brought, nor to set forth in any manner the place in which an act is alleged to have been done, unless when, from the nature of the case, the place may be material, or traversable."

The demurrer is overruled.