WILLIAM H. FRICK, Administrator of the estate of Catharine E. Frick, deceased, *vs*. WILLIAM P. MILLER.

1. PLEADING—DECLARATION—VENUE.

In replevin declaration reading: "In the Superior Court of the State of Delaware in and for New Castle County. * * * That the said William P. Miller heretofore, to wit, on or about the tenth day of September, * * * at the county aforesaid, took the following goods and chattels * * * "— sufficiently laid the venue.

2. REPLEVIN—ARTICLES NOT REPLEVIED.

Articles of jewelry mentioned in the body of the writ, but not replevied, cannot be considered by the jury.

3. REPLEVIN—DETENTION—NOMINAL DAMAGES.

For the detention by defendant of two articles admitted by him to be plaintiff's property, plaintiff, suing in replevin, is entitled to nominal damages.

4. REPLEVIN—RIGHT OF ACTION—PURPOSE.

Replevin lies for the possession of goods and chattels unlawfully detained from the owner, or the person entitled to possession, the primary object being recovery of property, with damages for its taking and detention, secondarily, and usually, the object being the recovery of a sum of money equivalent to the value of the property.

5. REPLEVIN—POSSESSION AND ONWERSHIP.

Replevin is a possessory action, and lies only in favor of one entitled to possession at the time of its commencement, and the right to possession must be coupled with ownership, either general or special.

6. REPLEVIN—WRONGFUL DETENTION.

The wrongful detention from plaintiff in replevin by defendant of the goods and chattels replevied at the time they were replevied is a material fact.

7. EXECUTORS AND ADMINISTRATORS—PERSONAL PROPERTY—REPLEVIN.

Where a decedent at the time of her death had such a property in certain goods either by purchase or gift as entitled her to their possession, her personal representative was likewise entitled to their possession to an extent to give him the right to maintain replevin for their wrongful detention by another.

8. REPLEVIN—STRENGTH OF OWN TITLE.

Plaintiff in replevin to recover must do so on the strength of his own title, and not on any weakness of defendant's.

(*December* 5, 1918.)

BOYCE and RICE, J. J., sitting.

*W. W. Knowles* and *Levin Irving Handy* for plaintiff.

*Philip L. Garrett* and *Robert G. Harman* for defendant.

Superior Court, New Castle County, November Term, 1918.

REPLEVIN No. 67, January Term, 1918.

Action of replevin by William H. Frick, administrator of the estate of Catharine E. Frick, deceased, against William P. Miller. Verdict for plaintiff.

Judgment affirmed, *post*, 107 *Atl.* 394.

Action of replevin by William H. Frick, administrator of Catharine E. Frick, deceased, against William P. Miller to recover either the possession or the value of certain articles of personal property. The plaintiff claimed that the decedent, at the time of her death, in September, 1917, was, and had been for some time

prior thereto, engaged in hotel business at Nos. 807 and 809 French street, in the city of Wilmington, in the building known as "the Flodette," and that she was the sole owner of the furniture and furnishings therein; that very soon after her death, the defendant took possession of the said furniture and furnishings, replevied, and wrongfully detains them; and that their value is the sum of two thousand five hundred and ten dollars.

The defendant, on the other hand, claimed that the property so replevied for which he gave a property bond to the sheriff, and retained, was, at the time of the execution of the writ, his exclusive property.

Mr. Handy undertook to show by the plaintiff that the deceased owned a ring set with three diamonds which was taken possession of by the defendant after her death, though it was not replevied, and the sheriff was unable to find it. Mr. Garrett objected on the ground that the ring was not mentioned in the writ, or replevied.

RICE, J.:—The ring not having been replevied, may there be a recovery therefor in this action?

*Mr. Handy:*—My contention is that I may prove that Miller took the ring whether the sheriff found it or not, and, if I can, that is sufficient.

*Mr. Garrett:*—Our contention is that, unless the goods are found, replevin is not the proper remedy.

RICE, J.:—Mr. Handy, unless you can show us some authority supporting your contention, our opinion is that the evidence is inadmissible:

When plaintiff rested, Mr. Harman moved for a nonsuit, on the grounds:

It has not been shown that the plaintiff, administrator, was entitled to the exclusive possession of the goods replevied, at the time of Catharine Frick's death.

The plaintiff himself has shown that there was a partnership between the defendant and the deceased, and replevin will not lie by one partner against another.

Venue is not laid in the declaration and it has not been proved. *Parvis v. Truax*, 7 *Houst.* 574, 32 *Atl.* 1050; 2 *Wooley on Del. Prac.* § 1542, *par.* 2; *Stephen on Pleading*, under "*Form of Precedent in Replevin*"; 2 *Saunders on Pleading and Evidence*, *pt.* 2, "*Replevin*"; 2 *Chitty on Pleading*, under "*Declaration in Replevin.*"

The following is part of the declaration:

"In the Superior Court of the State of Delaware in and for New Castle County.
 "*   *   * That the said William P. Miller heretofore, to wit, on or about the tenth day of September, in the year of our Lord one thousand nine hundred and seventeen at the county aforesaid, took the following goods and chattels.   *   *   * "

RICE, J., delivering the opinion of the court:

In passing upon the motion for a nonsuit, the court will give no reasons for declining the motion on grounds one and two urged by the defendant. But on the third reason urged, that is, that there is no allegation or proof of venue, in which counsel for defendant cites *Parvis v. Truax*, 7 *Houst.* 575, 32 *Atl.* 1050, we fail to see that in that case the court held that the venue laid in the declaration filed was insufficient. The case seemed to turn on the proof of venue rather than the laying of the venue in the declaration.

[1] We are of the opinion that in the declaration filed in this case venue is sufficiently laid, and also that there has been evidence submitted to the jury in support of the declration in this respect.

Without passing upon the merits of the case, the motion for a nonsuit is refused.

Mr. Hurlock, a witness for the defendant, was asked:

Q.  Did you sell certain furniture to Dr. Miller?  (Objected to by Mr. Handy.)
 *Mr. Garrett:*—If I do not connect this furniture up by Dr. Miller as being part of the furniture which was replevied, it may be stricken out.
 RICE, J.:—We overrule the objection.

The defendant was called and asked:

What became of that furniture that you bought from Charles S. Hurlock?  A. I sent it to 807–9 French Street.  (Objected to by Mr. Handy,

who moved to strike out the answer on the ground that it showed a transaction with the deceased by the defendant, a party to the suit, contrary to the statute.)

*Mr. Garrett:*—This is a transaction with Hurlock, who is not a party to this action.

RICE, J.:—We fail to see how this testimony comes within the provisions of *Rev. Code* 1915, § 4212. We decline to strike out the answer.

Q. Do you recollect what you bought from Mr. Hurlock?   A. Yes; all this stuff (referring to two leaves from the witness' book of original entries marked for identification), rugs, chiffoniers, mattresses and the bedding, the bed, the chiffonier, bed, mattress and springs—yes, all this stuff.   Yes; I bought all those things.   Q.   Were all these articles in the writ of replevin? A.   Yes, sir.   (Mr. Garrett renewed his offer for the admission of the book in evidence.   Mr. Handy objected to the same as not such a book of original entries as should be admitted under the statute.)

RICE, J.:—We think the book offered does not come under the statute, but under the ordinary rules of evidence. We overrule the objection.

*Mr. Handy:*—X. I will ask you whether you know that any one of the items in this book account of Mr. Hurlock is in this writ of replevin?   A. To the best of my knowledge, they are all in there.   X. As a matter of fact, do you really know in detail whether any, or all, of the articles are included in the writ of replevin, or not?   A. I believe so.

*Mr. Handy:*—I move to have this stricken out.

RICE, J.:—We cannot exclude it.

### PRAYERS FOR THE PLAINTIFF.

That the court direct the jury to find at least nominal damages for the plaintiff for the brooch and ring returned and admitted to be the property of the deceased; and for the cut glass, because the defendant said he had given the administrator the right to take it; and for the box and contents of one hundred and thirty-five dollars, concerning which there is no conflicting testimony, and the defendant did not claim ownership; and also for the watch.   And as for the articles of furniture in dispute, if the jury are satisfied that it belonged to the deceased, we are entitled to money damages for what we have proved they were worth.

### PRAYERS FOR THE DEFENDANT.

The plaintiff must prove, by a preponderance of evidence, that Catharine E. Frick owned and had the right to the exclusive possession of the goods in dispute at the time of her death, or he cannot recover.   34 *Cyc.* 1387, 1388.

If the jury believe that Catharine E. Frick and Dr. Miller owned the said goods, or any portion thereof, jointly or in

common or as partners, the plaintiff cannot recover.   34 *Cyc.* 1393.

If the jury believe that the plaintiff did not allege and prove venue, or that the goods were taken or detained by the defendant in New Castle county, the plaintiff cannot recover.

The plaintiff cannot recover for any articles of jewelry whatsoever. ˙ The only matter for the consideration of the jury in this case is the household furniture described in the writ.

The plaintiff must recover, if at all, upon the strength of his own title, and not upon any weakness of the defendant's title.   34 *Cyc.* 1385.

RICE, J., charging the jury:

This is an action of replevin brought by William H. Frick, administrator of the estate of Catharine E. Frick, deceased,. against William P. Miller, to recover the possession or value of certain chattels or articles of personal property.

[2]   The writ of replevin issued out of this court in this case together with the return of the sheriff indorsed thereon has been admitted as an exhibit.   The return of the sheriff shows that certain articles of jewelry mentioned in the body of the writ were not replevied and we now say to you that such articles as were not replevied are not to be considered by you in this case.

[3]   With respect to the articles replevied the two pieces of jewelry known as lady's large diamond brooch and diamond ring, set with small stones, were delivered by the sheriff to the plaintiff and admitted by the defendant to be the property of the plaintiff and for the detention of these two articles by the defendant the plaintiff is entitled to nominal damages.

As to the other articles replevied, they consisted of a money box, with contents, a gold watch, cut glass and many articles of household furniture and furnishings.   The defendant gave a property bond to the sheriff for these articles and retained their possession.

The plaintiff claims that Catharine E. Frick at the time of her death in September, A. D. 1917, was, and had been for some time prior thereto engaged in conducting a hotel business at Nos. 807 and 809 French street, in this city, and that she was the sole

owner of the many articles of furniture and household furnishings contained in the hotel at the time of her death. The plaintiff further claims that at the time or shortly after the death of Catharine E. Frick the defendant took possession of the furniture and furnishings mentioned in the writ and wrongfully detains them from the plaintiff. The plaintiff claims that the goods and things replevied and now detained by the defendant are valued at two thousand five hundred and ten dollars.

The defendant on the other hand claims that the property which was replevied and for which he gave property bond and by reason thereof retains in his possession was at the time of the execution of the writ of replevin his own personal property and to all of which he was entitled to possession.

[4] The action of replevin lies for the possession of goods and chattels unlawfully detained from the owner, or the person entitled to the possession thereof. The primary object of the action is the recovery of the property itself with damages for the taking and detention thereof. Secondarily, and usually, the object is the recovery of a sum of money equivalent to the value of the property. *McClemmy v. Brown*, 6 *Boyce*, 253, 99 *Atl.* 48.

[5, 6] The action is a possessory one and lies only to one entitled to possession at the time of the commencement of the action. The right to possession of the goods replevied must be coupled with ownership either general or special. The wrongful detention from the plaintiff by the defendant of the goods and chattels replevied at the time they were replevied is a material fact for the plaintiff to prove to maintain the action of replevin.

[7] A question for your determination is whether the plaintiff in this action at the time it was brought owned or had such a property in the goods and chattels replevied or any portion of them as to entitle him to their immediate possesssion. Under the evidence in this case if you should find that Catharine E. Frick at the time of her death had such property in the goods and chattels replevied either by purchase or by gift as would entitle her to the possession of the goods and chattels in question then her personal representative would likewise be entitled to their possession.

For the plaintiff to recover except as to the ring and brooch it is necessary for him to prove by a preponderance of the evidence, that Catharine E. Frick owned and had the right to the possession of the money, goods and chattels in dispute or some part of them, at the time of her death, and that the money, goods or chattels were wrongfully detained by the defendant in New Castle county.

[8] The plaintiff to recover must do so upon the strength of his own title and not upon any weakness of the defendant's title.

If from the evidence you believe at the time this action was begun that the plaintiff was entitled to the possession of the money, goods and chattels replevied, or to any part or portion thereof, then your verdict should be in favor of the plaintiff either for the return of such as you may believe him to be entitled or for the value of the same.

Summing up, the verdict or verdicts you may return in this case as you may believe may be warranted by the evidence again calling your attention to what we have already said in this regard; it is your duty to find in favor of the plaintiff for nominal damages for the detention of the ring and brooch already mentioned and you may also find in favor of the plaintiff for the return of the money, goods and chattels replevied or any part thereof, or you may find in favor of the plaintiff for their value in money. Or, if you should find from the evidence that the plaintiff is not entitled to the money, goods and chattels replevied or any part of the same other than the said ring and brooch, you may find in favor of the plaintiff for nominal damages for the detention of the ring and brooch, and in favor of the defendant for the money, goods and chattels.      *      *      *

Verdict for plaintiff for two thousand five hundred dollars.