THOMAS R. PURNELL *vs.* THE PENNSYLVANIA RAILROAD COMPANY.

PPEADING—NAMING COUNTY IN CAPTION HELD A SUFFICIENT SETTING FORTH OF VENUE.

Where the name of the county where shipment was made was set forth in the caption attached to a declaration in an action against a carrier for failure to transport perishable fruits, and in the body of the declaration in each count venue was stated to be a certain town "in the county aforesaid," the declaration was sufficient under *Rev. Code* 1915, § 4178; the caption being part of the declaration.

(*February* 8, 1921.)

BOYCE, J., sitting.

*Daniel J. Layton* for plaintiff.

*Frank M. Jones* for defendant.

Superior Court for Sussex County, February Term, 1921.

CASE, No. 18, October Term, 1920.

Action by Thomas R. Purnell against the Pennsylvania Railroad Company to recover damages for failure to transport, with reasonable dispatch, and deliver perishable fruits. On special demurrer to the several counts in the declaration. Demurrer overruled.

It was averred in the several counts that the defendant was engaged as a common carrier for hire, in the transportation of goods etc., in and by its lines of railroad, and over other connecting lines of railroad, "from the town of" (naming the place of shipment in each count), "in the county aforesaid," to other points in the United States, and in particular to the city of (naming the place of destination). And that the plaintiff, on, etc., delivered to the said defendant at its railroad station at (naming the place of shipment) "aforesaid," certain goods, etc., to wit (in the first count) one car of strawberries containing two hundred and twenty-six thirty-two quart crates, etc., to be, with reasonable dispatch, carried, etc., from * * * aforesaid, to * * * aforesaid, etc.; yet the said defendant, not regarding its said duty, etc., but, on the contrary negligently and carelessly detained the same, whereby, etc.

The causes of demurrer were that in none of the several counts "is the point of origin of the shipments" set out with sufficient certainty; that in none of the counts is the county or state in which the shipments originated given, but it is simply alleged that the shipment was made from "the town of * * * in the county aforesaid." The contention was made that the place of shipment, including county and state, is material and traversable, and should be set forth. *Rev. Code* 1915, § 4178.

For the plaintiff it was claimed that the caption, "In the Superior Court of the State of Delaware, in and for Sussex County," is part of the declaration, and that with reference thereto the averment in each count "from the town of" (naming it) " in the county aforesaid" amply lays any venue required.

BOYCE, J. The name of the county is set forth in the caption attached to the declaration, and thereafter laying the venue in each count, as "in the county aforesaid," meets any objection

made against the sufficiency of the declaration.  *Frick, Adm'r, v. Miller*, 7 *Boyce*, 366, 107 *Atl.* 391; *Com. v. Edwards*, 4 *Gray (Mass.)* 1.  See also, *Wolfe v. B. & P. S. Co.*, 6 *Boyce*, 352, 99 *Atl.* 304.

The demurrer is overruled.