# Brandon *v.* Montgomery Iron Works.

### *Statutory Detinue for Machinery.*

1. *Statutory detinue; what is not available as defense.*—In a statutory action in the nature of detinue for the recovery of certain machinery sold by the plaintiff to the defendant, under a contract providing that the title should remain in the plaintiff until payment in full of the purchase-money, and giving the right to the plaintiff to take possession of the property on default in payment at maturity of either of the purchase-money notes, where such notes had not been paid in full before the suit was brought, and the defendant was still in possession of the property, special pleas alleging fraud and misrepresentation in the sale, want of consideration, failure of consideration, breach of warranty, and set-off or recoupment on account of damages sustained by the delay in delivering the property, are no answer to the complaint; such matters not being available as defenses under the statute (Code, § 2720) authorizing a defendant in a suit by a mortgagee to recover possession of personal property, upon suggestion, to require the jury to ascertain the amount of the mortgage debt.

2. *Testimony offered for special purpose; when its exclusion is not error.* In detinue, or the corresponding statutory action, by the seller of personal property to recover possession thereof, the contract of sale providing that the title should remain in the plaintiff until payment in full of the purchase-money, it is not error to refuse to permit the defendant to introduce evidence showing a partial payment of the price of the property, where such evidence is offered, not for the purpose of reducing the debt on an ascertaiment of the amount thereof by the jury, but for the purpose alone of showing that the defendant had paid a sum greater than the agreed price of the portion of the property delivered; the evidence being incompetent for the purpose for which it was offered; and testimony which, when offered generally, would be legal and competent, being inadmissible when the offer is limited to a special purpose, which is improper, or illegal, or unauthorized by any of the issues in the case.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. M. CARMICHAEL.

W. D. ROBERTS, for the appellant.

M. E. MILLIGAN, *contra.*

[Brandon v. Montgomery Iron Works.]

THORINGTON, J.—Appellee brought an action of detinue against appellant to recover certain machinery which the former furnished to the latter under the terms of a written agreement, which is set out in the bill of exceptions. By the terms of this agreement, appellant was to pay part cash, part on delivery of the property, and the balance in installments, evidenced by appellant's notes, maturing at different dates. The title to the property is reserved to appellee until payment in full of the purchase-money, and, on default of payment of either of the notes at maturity, the right is given to appellee to take possession of the property "at any time after the maturity of any of said notes which remain unpaid"; but, if the notes should be paid, the title was to vest in appellant. It was conceded by the defendant that the notes had not been paid in full before the suit was brought. The defendant in the action pleaded the general issue, payment, fraud and misrepresentation in the sale, that the property failed to come up to the warranty, and that defendant had been damaged by the failure of appellee to deliver the property at the time agreed on. There was a demurrer to all the special pleas except the plea of payment, which demurrer the court sustained. In this ruling of the Circuit Court there was no error.

Section 2720 of the Code authorizes a defendant in a suit by a mortgagee to recover possession of personal property, upon suggestion, to require that the jury ascertain the amount of the mortgage debt. Under a statute very similar to this, relating to suits by mortgagees to recover possession of land, it was held that the purpose of the statute is simply to secure to a defendant in such action the right to show that he had paid the amount he had agreed to pay, or had performed the condition he had agreed to perform, and the right, if the secured debt had not already been paid, to have the amount fixed, and to pay the sum so fixed and to retain the land; that neither the right to go behind the mortgage, and attack its consideration, or to plead set-off, is within the terms or spirit of the enactment; that such rights can not be effectuated under it, but must be asserted now as before its passage.—*McKinnon v. Lessley*, 89 Ala. 625; *Lampley v. Knox*, 92 Ala. 625. From the above cited authorities, and the following, it is clear the defenses set up in the special pleas, except the plea of payment, can not avail in an action of detinue for the recovery of specific property.—*Whitworth v. Thomas*, 83 Ala. 308. The action being for the recovery of the specific property, the special pleas alleging fraud and misrepresentation, want of consideration, failure of consid-

[Liberty Insurance Co. v. Boulden.]

eration, breach of warranty, and set-off or recoupment, on account of damages sustained by the delay in delivering the property, are no answer to the complaint, and especially when it appears that the defendant still retains possession of the property. There was no error, therefore, in the refusal of the court to permit the defendant to offer in evidence testimony of that character.

It is unnecessary to consider whether the instrument in proof is a mortgage within the meaning of the statute (Code, § 2720), or whether the exception of the defendant to the action of the court in refusing to permit the defendant to offer testimony showing a partial payment of the price of the property, for the reason, as shown by the bill of exceptions, that such proof was not offered for the purpose of reducing the debt on an ascertainment of the amount thereof by the jury, but for the purpose alone of showing that the defendant had paid a sum greater than the agreed price of the portions of the machinery delivered. For this purpose the testimony offered was incompetent, and, therefore, properly rejected by the court.

Testimony which, when offered generally would be legal and competent, may be inadmissible when the offer is limited to a special purpose, which is improper, or illegal, or unauthorized by any of the issues in the case.

No reversible error has been pointed out, or perceived by us, and the judgment of the Circuit Court is, accordingly, affirmed.

Affirmed.