Argued October 11, decided November 29, 1910.

## ZIMMERMAN *v.* THE SUNSET LUMBER CO.

[111 Pac. 690: 32 L. R. A. (N. S.) 123.]

REPLEVIN—SET-OFF AND COUNTERCLAIM—ACTIONS IN WHICH AVAILABLE.

1. Equitable set-off is no defense in an action of replevin, for the distinctions between actions at law and suits in equity have not been abolished.

REPLEVIN—SET-OFF AND COUNTERCLAIM—NATURE—ACTIONS IN WHICH REMEDY IS AVAILABLE.

2. Where the right to possession of property arises on contract, as in case of a chattel mortgage, or where the seller has retained title until the purchase price has been paid, anything which tends to show that no debt exists is admissible as a set-off in replevin; but to defeat the action the set-off must equal the debt.

REPLEVIN—DEFENSES—SET-OFF.

3. In replevin for two engines, defendant set up a contract of purchase and claimed certain amounts as set-off for damages, both by

reason of defects in the engines and from damages incurred because of their failure to work. *Held* that, although a set-off could be pleaded in this action, yet, as the amount of the counterclaim did not equal the amount claimed by plaintiff, it would not go to the entire cause of action, so that it could not defeat it, and therefore a demurrer to this plea was properly sustained.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by Zimmerman, Wells-Brown Company, a corporation, against the Sunset Lumber Company, a corporation, to recover the possession of two roading engines—one 11x14, the other 12x12—of the alleged value of $3,425; plaintiff alleging ownership thereof and right of possession, which allegation the answer denies, alleging affirmatively that defendant purchased from plaintiff the 12x12 engine on June 7, 1907, for the consideration of $3,925, of which it paid in cash $1,350, that the balance of the price was to be paid in three and six months, that it purchased from plaintiff the 11x14 engine on July 29, 1907, for the price of $3,200, payable in three installments, in one, three, and six months, and that each of the purchases were made upon the following agreement, viz.:

"It is agreed that title to the property mentioned above shall remain in the consignor until fully paid for in cash, and that this contract is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after ten days from shipment, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty, express or implied. It is further agreed that the purchaser shall keep the property fully insured for the benefit of Zimmerman, Wells-Brown Company."

And further pleads three defenses: Three items of damage, which it seeks to recoup against the balance due on the purchase price, which, it alleges, exceeds such balance, and, therefore, defeats plaintiff's right to the pos-

session of the engines, viz.: (1) That the 11x14 engine should have been shipped to Hyland Siding, Oregon, but was, by plaintiff, negligently shipped to Springfield, Oregon, and that defendant was compelled to, and did, pay $38.22 freight to reship it to Hyland Siding. (2) That defendant purchased the 11x14 engine for the express purpose of logging defendant's timber adjacent to its sawmill, which plaintiff well knew, at the time of the purchase; that because of such delay in not receiving the engine according to the agreement defendant was compelled to, and did, shut down his sawmill for six days; that the capacity of the mill at that time was 38,000 feet of lumber per day, worth $14 per thousand at Hyland Siding, and defendant's net profits would have been $7.00 per thousand thereon; and that defendant was damaged thereby in the sum of $1,596. (3) That on October 8, 1908, while defendant was using the 11x14 engine for logging purposes, the drum of the engine broke, without any fault of defendant, which rendered it useless; that defendant was compelled to and did buy a new drum, which cost $550, which is pleaded as damages; that, by reason of such breakage, defendant was compelled to and did shut down the mill for twelve days; that the capacity of the mill at that time was 34,000 feet of lumber per day, worth at that station $9.50 per thousand; that the cost of manufacturing it was $7.00 per thousand, leaving a profit of $2.50 per thousand, whereby defendant was damaged in the sum of $1,050. Plaintiff demurred to the new matter in the answer, which demurrer was sustained by the court. Defendant refused to plead further, and, upon a trial, findings and judgment were rendered in favor of plaintiff, from which judgment defendant appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. G. F. Skipworth.*

For respondent there was a brief over the names of *Messrs. Cake & Cake,* and *Messrs. Woodcock & Potter,* with an oral argument by *William M. Cake.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The contention of plaintiff is that this action, being in the nature of replevin, is not subject to a counterclaim for damages, and upon that question we find there is some conflict in the authorities. See 34 Cyc. 1416. Section 73, B. & C. Comp., provides that the answer shall contain, among other things:

" (2) A statement of any new matter constituting a defense or counterclaim."

Section 74 provides that "the counterclaim mentioned in Section 73 must be one existing in favor of defendant, and against a plaintiff, between whom a several judgment might be had in the action and arising out of one of the following causes: (1) A cause of action arising out of the contract, or transaction set forth in the complaint as the foundation of plaintiff's claim; (2) in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." The earlier cases quite uniformly refused to permit a plea of set-off in an action of replevin; but at this time the rule seems to be greatly modified, being, however, much more liberal in some states than in others. Some courts permit the pleading of a counterclaim, and, if defendant prevails, allow judgment in his favor for the excess, if any: *Deford* v. *Hutchison,* 45 Kan. 318 (25 Pac. 641: 11 L. R. A. 257) ; *McCormick Harvesting Co.* v. *Hill,* 104 Mo. App. 544 (79 S. W. 745). But in both of these states and others, where the same rule is followed, by the terms of the statute equitable defenses may be pleaded at law. In Oregon, where the distinction between actions at law and suits in equity is still maintained (*Zeuske* v. *Zeuske,*

55 Or. 65 [103 Pac 648]) equitable relief cannot be obtained in an action of replevin. The action of replevin generally sounds in tort; at least it is so in case the possession of the property by defendant was obtained otherwise than by virtue of some contract, and probably in such a case no element of set-off would be available as a defense. Cobbey, Replevin, § 791; *McCormick Harvesting Co.* v. *Hill,* 104 Mo. App. 544 (79 S. W. 745) ; *Deford* v. *Hutchison,* 45 Kan. 318 (25 Pac. 641: 11 L. R. A. 257) ; *Clement* v. *Field,* 147 U. S. 467 (13 Sup. Ct. 358: 37 L. Ed. 244) ; *Gardner* v. *Risher,* 35 Kan. 93 (10 Pac. 584).

2. But, if the action is to recover possession of property, the right to which arises upon contract, such as, upon chattel mortgage, which in terms authorizes the mortgagee to take possession upon default in payment of the debt secured, any matter tending to defeat plaintiff's right of possession may be pleaded as a set-off, as plaintiff's right, in such a case, being for the purpose of foreclosure, is not based on title, but right of possession; and if there is no debt there is no right of possession in the mortgagee. This is recognized in *Nunn* v. *Bird,* 36 Or. 515 (59 Pac. 808), and *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077). But to defeat the action the set-off must equal the debt. Cobbey, Replevin, § 791; Wells, Replevin, § 581.

Most of the cases discussing this question grow out of chattel mortgage or some other character of lien, and it seems that the same rule applies to cases in which the vendor retains the title until full payment of the purchase price, as in the case before us. In such a case, if the debt is canceled, his title is terminated without other act. This is recognized in *Ames Iron Works* v. *Rea,* 56 Ark. 450 (19 S. W. 1063), and Cobbey, Replevin, § 791.

3. The complaint here does not allege the contract out of which plaintiff's right grew; but the answer sets up the facts showing that defendant's possession was by

virtue of a contract for the purchase of the engines, which, for the purpose of this demurrer, must be taken as true, and plaintiff cannot recover without proof of default by defendant. Therefore defendant is entitled to allege and prove any facts that will defeat plaintiff's right to possession, such as payment of the debt or a counterclaim equal to it, provided it is such as may be pleaded under Section 74, B. & C. Comp.; but any set-off less than the whole amount due will be unavailing for that purpose, as plaintiff is entitled to possession if any part of the price is unpaid.

There is practically no defense pleaded to plaintiff's right to the 12x12 engine. The items of set-off relate to a breach of the contract for the 11x14 engine. Without determining whether defendant's third item of set-off states facts sufficient to constitute a defense, in the face of the provisions of the contract that "a retention of the property forwarded, after ten days from shipment, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty, express or implied," or whether the facts of the second and third defenses are sufficiently pleaded, it is plain that the whole amount of such damages is not equal to the purchase price of the 11x14 engine, $3,200, with interest to the date of the filing of the answer, viz., $3,615; the whole amount of damages claimed being only $3,234.22.

The demurrer was properly sustained.     AFFIRMED.