# CHARLESTON.

### CHARLESTON HARDWARE CO. v. WARNER ELEVATOR MANUFACTURING CO.

Submitted November 1, 1916.    Decided November 14, 1916.

INJUNCTION—*Subjects of Relief—Maintenance of Action.*

Equity will not enjoin the seller from prosecuting an action of detinue to recover from the buyer a chattel, sold and delivered on condition that the title thereto was to remain in the seller until it was fully paid for, on the ground that he has broken his contract, thereby entitling the buyer to a right of action for damages.

(MILLER, JUDGE, dissenting).

Appeal from Circuit Court, Kanawha County.

Bill in equity by the Charleston Hardware Company against the Warner Elevator Manufacturing Company. From a decree for plaintiff, defendant appeals.

*Reversed, and bill dismissed.*

*Alexander & McCabe* and *R. Kemp Morton,* for appellant.

*McClintic, Mathews & Campbell,* for appellee.

WILLIAMS, PRESIDENT:

The Warner Elevator Manufacturing Company, a corporation, appeals from an order of the circuit court of Kanawha county, made on the 14th of February, 1916, refusing to dissolve an injunction, awarded upon application of the Charleston Hardware Company, a corporation, enjoining it from further prosecuting an action of detinue which it had brought against the latter, and which was then pending in the circuit court of Kanawha county, to recover possession of a certain freight elevator and operating machinery, which it had conditionally sold to the Charleston Hardware Company and installed in its four story building in the city of Charleston. The contract of sale stipulated as follows, viz.:

"The Warner Elevator Manufacturing Co. retain the title to and possession of the entire apparatus under the fore-

going contract and specifications. The same shall remain in said company until the final payment is made, and the said Warner Elevator Manufacturing Co. shall have the right to remove all of said material furnished by them and to retain possession of same upon a failure to receive the payments as above stipulated.

"It is also understood that the taking of any notes, judgment or decree shall not constitute a waiver of the vendor's lien hereby retained until purchase price is fully paid. Also to retain the payments that have been made, as damages for the non-fulfillment of contract."

The agreed price was $1,300, one-half of which was to be paid when the elevator was delivered at the building, and the balance when it was installed according to the specifications in the contract. The Charleston Hardware Company paid $770 and refused to pay the balance, on the alleged ground that the vendor had not complied with the following provision of the contract, viz.:

"We will furnish a 7½ Horse Power motor to operate the within described elevator. If flat rate is $1 per horse power per month your monthly charge should be $7.50; if addition energy is consumed owner is to pay for same."

Thereupon Warner Elevator Manufacturing Company brought an action of detinue to recover possession of the elevator and appliances, necessary in its operation, which it had installed, and plaintiff then brought this injunction suit, averring that the Warner Elevator Manufacturing Company had broken its contract, in that it had installed a 10.81 horse power motor, instead of a 7½ horse power motor, thereby increasing the quantity of electric current needed in operating the machine and increasing the cost of operation $3.31 per month beyond what it would have been, if it had furnished the kind of motor it had agreed to furnish. It avers that the cost of electric current in the city of Charleston is one dollar per horse power; that defendant is a foreign, nonresident corporation, having its principal office in Hamilton County, Ohio; that the aforesaid breach of contract has damaged it to the extent of $1,000; that, recoupment of damages not being available as a defense in detinue, it is, therefore, remediless, unless a court of equity will enjoin the

prosecution of the detinue suit; and that its damages will be irreparable if defendant should remove the elevator from the building. It prays that its damages may be ascertained and the amount thereof decreed to it.

A number of motions were made by defendant in the lower court and overruled, and numerous errors are assigned. But the principal assignment relates to the overruling of defendant's demurrer challenging equity jurisdiction. If equity has not jurisdiction in the premises, it is needless to consider the other assignments. Plaintiff can not elect to keep the elevator and refuse to comply with the only condition on which it agreed title and the right to the possession was to vest in it. No fraud is alleged either in the procurement or in the performance of the contract by defendant. It can not be said the removal of the elevator from the building would cause irreparable injury. That was a thing contemplated and agreed upon, in case the purchase price was not fully paid.

It is a well settled rule of equity practice, in this state, that relief by injunction will not be granted where there is a plain, adequate and complete remedy at law. *Burkhart* v. *Scott,* 69 W. Va. 694; *Shepherd* v. *Groff,* 34 W. Va. 123; and *Shay* v. *Nolan,* 46 W. Va. 299. And while it is true recoupment is not a permissible defense in detinue, still defendant has an adequate legal remedy. Detinue lies only to recover possession of a specific chattle, a tangible thing, and no such defense as a cross-demand, or recoupment, can be made in such a case; the party suing is entitled to all or none of it. *Whitworth* v. *Thomas,* 83 Ala. 308, and *Brandon* v. *Montgomery Iron Works,* 96 Ala. 506. Recoupment seems to be available only in a suit for money due on contract, either express or implied, or in an action for damages for its breach. Detinue involves the right to the possession of the thing sued for, and recoupment can, in no sense, make an issue affecting that right. Plaintiff had a right of action at law for damages for the breach of the contract, and this right is not affected by defendant's non-residence, neither is it a factor in determining general equity jurisdiction. Defendant's being a non-resident gave plaintiff a right to proceed against it by at-

tachment; it could have attached the property, which was sought to be recovered in the action of detinue, and could have prevented its removal, pending a determination of the suit.   Plaintiff's only demand is for unliquidated damages, which is peculiarly a jury question, cognizable only in a court of law, except in very rare cases where it is only incidental to the complete enforcement of an equity.   The facts alleged in the bill do not show grounds for equitable interference, and the decree will be reversed and plaintiff's bill dismissed.

*Reversed, and bill dismissed.*

MILLER, JUDGE, *(dissenting)*:

I cannot concur in the opinion of the court.   Plaintiff contracted for a particular machine.   The bill alleges defendant only partially performed its contract; that a part of the machine, namely, the motor, is of larger horse power and more expensive to operate than the one called for by the contract. Plaintiff has paid a large portion of the purchase money.   It needs the elevator, and would sustain a great loss to its business if deprived of it, in addition to its loss due to the failure of defendant to furnish a motor of the particular horse power called for, and according to the allegation of the bill plaintiff is ready and willing to comply with the contract on its part, and to pay the balance of the purchase money immediately upon the installation by the defendant of the particular motor called for.

The opinion of the court, however, holds that because defendant reserved title in the machine until paid for, with right to retake the property for failure to pay the balance of the purchase money, the plaintiff is bound, notwithstanding the breach upon the part of the defendant, to pay the balance of the purchase money, and then resort to some action at law against the defendant for damages.   In other words that plaintiff must surrender all its money to a non-resident defendant, and give up that which I think it has the right to hold as its security, as a condition of retaining the property. It is conceded that no adequate defense can be made in this action, and it is said that the only relief which the plaintiff has is to pay or surrender the property and resort to an action for damages.

The strict rule that equity has no jurisdiction where there is an adequate remedy at law is subject to this limitation, applicable here, namely, that that remedy must be as complete and adequate in all respects as in a court of equity. It is not enough to say that there is a remedy at law, but that that remedy is as complete and adequate as in a court of equity. *Eastern Oil Co.* v. *Coulehan,* 65 W. Va. 531, and cases cited.

Equitably a purchaser of property, willing to comply with his contract, is entitled to hold possession and to decline to pay until the contract of the seller has been fulfilled. He ought not to be required to part with his money, or surrender the property, or give up any other legal right, while the contract of the other party remains unfulfilled. Defendant's rights depend on compliance with the contract on its part, and I think plaintiff in this case ought to be entertained in a court of equity to vindicate its rights under the contract. *Home Gas Co.* v. *Window Glass Co.,* 63 W. Va. 266.

I would reverse the decree.