L. Atwood Bennett, Trustee in the Matter of J. Cleveland White, Bankrupt, *vs.* Minos S. Brittingham.

(*October* 18, 1927.)

RICE and HARRINGTON, J. J., sitting.

*Frank M. Jones* for plaintiff.
*James M. Tunnell* for defendant.

Superior Court for Sussex County, October Term, 1927.

No. 8, February Term, 1927.

HARRINGTON, J., charging the jury:

An action of replevin lies for the possession of goods and chattels unlawfully detained from the owner or person entitled to the possession thereof. The primary object of the action is the recovery of the property itself with damages for the taking and detention thereof. Secondarily and usually, however, as in this case, the object of the action is the recovery of a sum of money equivalent to the value of the property taken and detained with interest thereon. *Frick v. Miller*, 7 *Boyce* 369, 107 *A*. 391; *Staunton v. Smith*, 6 *Penn*. 193, 65 *A*. 593; *Atlantic Refining Co. v. Feinberg*, 1 *W. W. Harr*. (31 *Del*.) 183, 112 *A*. 685.

Being a possessory action, it can be maintained only by one who is entitled to the immediate possession of the property in dispute at the time of the commencement of the action.

But in the absence of any common law, or contract limitations on that right, the owner of property is ordinarily entitled to its possession and the plaintiff in this case would be classed as an owner.

Whether, therefore, the plaintiff was entitled to the immediate possession of the property described in the writ of replevin, at the time that writ was issued, and whether the defendant unlawfully detained such property is one of the material questions for you to determine.

The plaintiff must always recover, however, if he does recover, on the strength of his own title, and not on the weakness of the title of the defendant.

The defendant claims that the plaintiff had no right of possession when this suit was brought because he had a common law lien of $1.15 on each case of the tomatoes in dispute.

A common law lien is the right of a person to retain that which is in his possession though belonging to another, until certain demands against such other person are satisfied. It is, how-

ever, quite impossible to lay down any uniform rules by which it may always be determined when such a lien exists. Derived from the civil law, and founded on considerations of equity and justice, the rules by which such liens are governed vary with the grounds on which such rights are given. Particular liens have always been admitted, by the common law, in favor of those persons, such as innkeepers, farriers, common carriers and warehousemen, who are bound by law to serve the public in their trades and occupations. And the privilege of a particular lien—the privilege to detain and hold the possession of some particular property of another as security for some debt or obligation—has been extended to other persons, in a variety of cases, where such persons by their labor and skill have imparted an additional value to the goods. This includes artisans, tradesmen, mechanics and laborers who receive property (although not obliged to receive it) for the purpose of mending, repairing and improving its condition for hire, and they have, by the common law, a lien on such property until the reasonable charges for their labor and expenses thereon are paid. 17 *R. C. L.* 601; *Mathias v. Sellers*, 86 *Pa.* 486, 27 *Am. Rep.* 723.

But such a lien is implied by law, and while it is well settled that a special contract does not, of itself, prevent a lien from taking effect, it cannot exist by implication where, from the nature of the contract between the parties, it would be inconsistent with the express terms or the clear intent of such contract. 17 *R. C. L.* 607.

The defendant also claims that payment was a condition precedent to delivery, and, therefore, to any right of possession in White or in the plaintiff, as his trustee in bankruptcy.

If that claim be true, and that is a fact for you to determine, no common law lien could be implied in the face of such an inconsistent express provision of the contract.

But, however that may be, the defendant concedes that an attachment was issued against Mr. White for the amount due on the 1,855 cases in question, and that the particular canned goods in controversy were seized by the Sheriff on such attachment by the defendant's order.

Possession is essential to the validity of a common law lien and as the goods when seized by the Sheriff were, technically at least, in his possession, the defendant cannot rely on a common law lien though he did label, fill and seal the cans in question and thereby materially increased their value. 17 R. C. 606; Legg v. Willone, 17 Pick. (Mass.) 140 28 Am. Dec. 282; 50 L. R. A. 719; 33 C. J. 335.

It must be admitted that cases might arise where because of the particular facts an attaching creditor would not lose a common-law lien on the property attached; for instance when he attached for another debt and it was clear that such attachment was intended to be subject to a prior common law lien. Townsend v. Newell 14 Pick. (Mass.) 332 was a case of that character but the facts very materially differed from this case.

It is conceded that there was a contract between Mr. White and the defendant, but the terms of such contract are in dispute and must, therefore, be determined by you as a question of fact.

(The Court here charged on the conflict of evidence.)

We have already stated that the defendant cannot rely on a common law lien in this case. The decision of this question, therefore, largely depends upon whether the contract made payment a condition precedent to redelivery to Mr. White at Pittsville.

If there was no agreement between Mr. White and the defendant, making payment at $1.15 per case precede redelivery to White at Pittsville, the plaintiff was entitled to the possession of the property in question, and is, therefore, entitled to a verdict.

If, however, the contract provided for payment by Mr. White before delivery, it being conceded that the defendant was not paid the contract price, the plaintiff was not entitled to the immediate possession when this suit was brought, and cannot recover in this action.

If your verdict should be for the plaintiff, as he does not ask for the return of the 1,855 cases of tomatoes detained by the defendant, it may be for the value of such property as the same may

appear from the evidence with interest thereon from October 28, 1926.

If your verdict should be for the defendant, it should merely be,·we find for the defendant.

In deciding the question before you, you should be governed entirely by your recollection of the evidence.

Verdict for defendant.