MILLS NOVELTY COMPANY, a corporation of Illinois, *v.*

SHERMAN T. TRANSEAU.

(*December* 6, 1937.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*Frederick P. Whitney* for plaintiff.

*James B. Carey* for defendant.

Superior Court for Sussex County, Replevin, No. 42, February Term, 1937.

LAYTON, C. J., delivering the opinion of the Court:

The *Uniform Sales Act* is found in *Chapter* 173, *Article* 2, *Section* 5980 *et seq.*, of the *Revised Code* of 1935. *Section* 30 of the *Article, Rev. Code* 1935, § 5980, declares that a contract to sell may be absolute or conditional. *Section* 98, *Rev. Code* 1935, § 6048, provides for an election of remedies to the buyer where there is a breach of warranty by the seller; and, under *paragraph* (1) (*a*) of the *section,* the buyer may "accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price." The defendant, therefore, contends that, in an action of replevin to recover goods sold under a contract of conditional sale reserving title in the seller and the right to retake the goods on default of payment of the purchase price, it is permissible in defense, under the plea of property in the defendant with notice of recoupment, to prove a breach of warranty resulting in damages in an amount at least equal to the debt then due on the contract.

In support of this contention, the defendant cites *Peuser v. Marsh,* 218 *N. Y.* 505, 113 *N. E.* 494, *Ann. Cas.* 1918*B,* 913; *McCargar et al. v. Wiley,* 112 *Or.* 215, 229 *P.* 665; *Zimmerman v. Sunset Lumber Co.,* 57 *Or.* 309, 111 *P.* 690, 32 *L. R. A.* (*N. S.*) 123, *Ann. Cas.* 1913*A,* 103; and *Vold on Sales,* 497.

The *Peuser Case* is directly in support of the defendant's contention. The question arose on demurrer to a plea. The suit was in replevin to recover a piano sold under a contract of conditional sale. The defense set up was a

breach of warranty and resulting damages exceeding the balance due on the contract. The *Uniform Sales Act* was in force, but it was contended by the plaintiff that the provision of the act allowing a defense by way of recoupment of damages resulting from a breach of warranty applied only where the seller sued for the purchase price. The Court, however, held that the effect of the plea was that the breach of warranty had operated to extinguish any further liability on account of the purchase price, and that the defendant was entitled to consider the goods as her own. It was admitted that replevin is strictly a possessory action, and that recoupment generally signifies a deduction from a money claim, but it was reasoned that the defendant's right to possession depended upon the payment of the purchase price, and as the statute provided that the purchase price might be extinguished, that is paid, by recouping such damages as the buyer might have sustained by the seller's breach of warranty, there was no sufficient reason for holding that such defense was not available in a replevin suit. The Court proceeded to say that where a question as to the construction of a statute relating to legal procedure is evenly balanced in other respects, that view should prevail which tends to promote the welfare of litigants by preventing circuity of action, and that the legislative intent was discoverable in the language of the statute, whether the seller sues for the purchase price or to recover the goods.

In the *McCargar Case*, the suit was in replevin to recover an automobile sold under a contract of conditional sale. The answer set up a breach of warranty and fraudulent representations as an inducement to purchase. The defendant had an affirmative verdict for a certain sum.

The Court first considered the provisions of the Oregon statute with respect to counterclaims, and held that the counterclaim relied upon did not come within its terms. Next it considered the statutory remedy given a buyer upon

a breach of warranty, by permitting him to "accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price." The Court reasoned that the defendant, by demanding damages for breach of warranty, affirmed the contract, and under the statute he had certain remedies, one of which was by way of recoupment of damages resulting from a breach of warranty; that the statute contemplated in this respect that the buyer should both keep the property, and be sued for the purchase price; and that it was only when the seller sued for the purchase price that the buyer could defend by way of recoupment. *Zimmerman v. Sunset Lumber Co.*, 57 *Or.* 309, 111 *P.* 690, 32 *L. R. A.* (*N. S.*) 123, *Ann. Cas.* 1913*A*, 103, was distinguished apparently on the ground that there the action was founded upon a chattel mortgage authorizing the mortgagee to retake possession upon default in payment of the debt secured thereby. A dissenting opinion discovered no difference in principle between the two cases, and called attention to the fact that in Oregon all forms of action are abolished.

In *Vold on Sales,* 497, it is stated that by "recoupment" in the statutory provision, is meant that the buyer, in the seller's action for the price, is permitted to cut down the seller's recovery to the value of the chattel received by the buyer.

The decisions in New York and Oregon are the only ones called to our attention which were based upon the remedial provision of the *Sales Act.* In many of the jurisdictions, especially those which have adopted a Code of Civil Procedure, there exist counterclaim statutes in general terms and without limitation as to the nature of the action. As defined in the Codes, counterclaim is the equivalent of set-off and recoupment combined. 24 *R. C. L.* 794.

It is not surprising, therefore, to find numerous cases

holding the language of the counterclaim statutes so comprehensive as to permit, in an action of replevin or in the nature thereof, the interposition of a counterclaim within the terms of the statutory definition, as a defense; this, as said in *McCormick Harvesting Mach. Co. v. Hill,* 104 *Mo. App.* 544, 79 *S. W.* 745, 749, "in view of the drift of opinion on this subject, and the very liberal construction which has been put on our statutes in reference to set-off and counterclaim." See, also, *W. W. Kimball Co. v. Massey,* 126 *Minn.* 461, 148 *N. W.* 307.

In some jurisdictions the right to counterclaim in an action of replevin is enforced only in so far as it may be necessary to defeat the plaintiff's demand; in others, the right is enforced to the extent of giving affirmative relief to the defendant. See discussion of cases in *McCormick Harvesting Mach. Co., supra.* In Oregon, the counterclaim must be equal to the debt due. The *Peuser Case,* in New York, is silent in this respect. There are cases, such as *Wayne Tank & Pump Co. v. Harper,* 118 *Okl.* 274, 247 *P.* 985, holding generally that a plea of breach of warranty is equivalent to a plea of failure of consideration, and that the action of replevin, based upon a contract of conditional sale, is sufficiently flexible in its nature to permit the adjustment of the equities arising out of a breach of warranty. In *Singer Mfg. Co. v. Smith,* 40 *S. C.* 529, 19 *S. E.* 132, 42 *Am. St. Rep.* 897, in a like action, a counterclaim for damages flowing from a breach of warranty was held to be a defense equitable in character, and not allowable. In *Stokes v. Humphries,* 69 *Fla.* 468, 68 *So.* 448, 449, in an action of replevin brought to recover possession of mules for which a "retain title note" had been given, it was held that the statutory attributes of the action did not permit a recoupment by way of breach of warranty and failure of consideration, and the Court remarked that the case "illustrates

the need of legislation regulating replevin procedure where forfeitures of large payments are involved."

In *Brandon v. Montgomery Iron Works*, 96 *Ala.* 506, 11 *So.* 540, in an action of detinue for the recovery of machinery sold under a contract of conditional sale, it was held that special defenses set up, such as breach of warranty and failure of consideration, were no answer to the complaint. See, also, *Charleston Hardware Co. v. Warner Elevator Mfg. Co.*, 79 *W. Va.* 216, 90 *S. E.* 674, *L. R. A.* 1917C, 75. In *People's Electric Ry. Co. v. McKeen Motor Car Co.*, (8 *Cir.*) 214 *F.* 73, in an action of replevin to recover a chattel from a conditional vendee, the defendant set up in defense a breach of warranty, a rescission of the contract, and a claim of an equitable lien on the chattel until reimbursed for his partial payment and expenses; but, the Court said that a lien in the purchaser was not consistent with the terms of the contract, by which it was agreed that the seller should remain the owner and should have the right to retake possession upon conditions definitely specified; and that if there was a warranty and a breach of it, the purchaser had a cause of action, but it was well settled that it cannot be asserted as a defense to a replevin. In *Bunday v. Columbus Mach. Co.*, 143 *Mich.* 10, 106 *N. W.* 397, 5 *L. R. A.* (*N. S.*) 475, it was held that a conditional vendee could not maintain an action for breach of warranty in advance of the actual transmission of title.

In *Blair v. A. Johnson & Sons*, 111 *Tenn.* 111, 76 *S. W.* 912, 913, it was held in an action of replevin by the vendor to enforce a breach of condition by a recovery of property conditionally sold, that the vendee could not defend by recoupment or set-off for a breach of warranty, under a Code provision allowing to be set-off "any matter arising out of the plaintiff's demand, and for which the defendant would be entitled to recover in a cross-action"; or "any matter growing out of the original consideration of any written

instrument, for which the defendant would be entitled to recover in a cross-action." *Code Tenn.* 1858, § 2918. After denying the claim to be a technical set-off, the Court proceded to consider recoupment as a defense. The Court observed that in none of the cases in Tennessee, in which set-offs, or cross demands, by way of failure of consideration or under the doctrine of recoupment had been allowed, was the action in replevin, or a suit in any form for the purpose of enforcing a condition of a defeasible contract as a means of defeating the contract itself; and it proceeded to say:.

"Take, for illustration, the facts of the present case. The sale of the wagon was upon a condition. The condition has failed, and the plaintiff has, undoubtedly, a right to the possession of the property. There was a warranty of soundness, and, assuming as true the matters which were offered to be proven, the warranty was broken, and the defendant is entitled to damages, to the extent, at least, of the difference in value between the article as represented and as it actually turned out to be. *Smith v. Cozart*, 2 *Head* [526], 528. There would be a judgment then for the plaintiffs to the full extent of their claim, also one for the defendant for the full amount of damage to which he would be entitled under his warranty, and neither would abate or lessen the other, or bear any relation thereto, except that they originated in a dealing in and about the same article of personal property."

In *Dearing Water Tube Boiler Co. v. Thompson*, 156 *Mich.* 365, 120 *N. W.* 801, 803, 24 *L. R. A.* (*N. S.*) 748, the plaintiff sued in replevin to recover possession of a boiler sold under a contract reserving title until full payment was made, and the right to retake on default in payment. Recoupment of damages for delay in delivery and for departure from specifications was relied upon in defense. The Trial Court admitted evidence under the defense, and the jury returned a verdict against the plaintiff. On appeal, the judgment was reversed. The Court said:

"The allowance of such defenses would inject into the trial a distinct and foreign issue and would not determine the right in plaintiff to possession of the property in dispute, which is the only question to be tried. It would also establish the doctrine that recoupment may be pleaded in actions of replevin. We think such a holding

would surprise the profession, and could not be maintained upon reason or authority."

The reader is referred to valuable notes in *Ann. Cas.* 1913*A*, 105, and 24 *L. R. A.* (*N. S.*) 748, where numerous cases on the general subject are collected.

 It is true that the secondary, and usual object in replevin is the recovery of a sum of money equivalent to the value of the property. *Bennett v. Brittingham,* 3 *W. W. Harr.* (33 *Del.*) 519, 140 *A.* 154; and that, speaking generally, the pleas are as numerous as the action is susceptible of defense. 2 *Woolley Del. Pr.* 1544. The plea of property in the defendant puts in issue the plaintiff's right to the chattel, and puts him on the proof of his case. The traverse in the replication through the absque hoc, presents an issue on the plaintiff's claim of property, and imposes the onus on him to prove his right to the immediate possession of the property at the time of the commencement of the suit. 2 *Woolley, Del. Pr.,* § 1547.

These general expressions are seized upon to support the contention that, in replevin to recover possession of chattels sold under a contract of conditional sale reserving title until paid for, and the right to retake on default of payment, a plea which shows that there is nothing due on the purchase price is a good plea whether based upon actual payment of the price, or in extinguishment thereof, as a result of damages sustained through breach of warranty.

 This argument would be sufficient, no doubt, in those states which have adopted *Codes of Civil Procedure* containing broad counterclaim provisions, where forms of action are abolished, and where equitable defenses may be interposed in an action at law. Delaware, however, has never adopted a *Code of Civil Procedure.* It is in all strictness a common law jurisdiction. The action of replevin is a possessory action sounding in tort. It is founded in general or special property in the plaintiff. Questions of pos-

session and the right to possession are the gist of the action. It is yet a local action. *Parvis v. Truax,* 7 *Houst.* 575, 32 *A.* 1050. The writ of replevin is in its nature a mixed writ, partly in rem and partly in personam. Essentially it is a proceeding against the property, the summons to the defendant being accessory and subordinate, so far as the frame of the writ is concerned. 2 *Woolley, supra,* § 1533. The only counterclaim statute we have is the set-off statute found in *Sections* 4667 and 4668 of the *Code of* 1935, and it is not contended that this statute is comprehensive of the defendant's claim.

■ The action of replevin has never been regarded as of such scope or flexibility as to permit the adjustment of existing equities between the parties. It was early held that the plea of set-off, which sounds in contract, was not a proper plea in the action. *Goslin v. Redden,* 3 *Harr.* 21; and in *Delaware Marine Supply Mfg. Co. v. Philadelphia Lamp Mfg. Co.,* 5 *Boyce* 524, 95 *A.* 235, it was held that the question of damages for breach of contract could not be determined in an action of replevin.

Recoupment of damages as a defense to an action usually occurs in actions *ex contractu,* and the cases cited in 1 *Woolley Del. Pr.,* § 532, involved actions of that nature, except *Doe ex dem. Scott v. Roe,* 2 *Houst.* 321, which was an action of trespass for mesne profits. This form of action, like assumpsit, is equitable in its nature. In form it is an action of trespass *vi et armis,* but in effect, it is one to recover rents and profits. 1 *Chitty Pl.* 193.

■ The Supreme Court in *Edge Moor Iron Co. v. Brown Hoisting Mach. Co.,* 6 *Penn.* 10, 62 *A.* 1054, observed that the doctrine of recoupment was recognized and allowed at common law, and was and is applied to actions whether founded in contract or tort; and, as developed in the United States, the doctrine has attained wider and more

extended application than in England. See 57 *C. J.* 381; *Carey v. Guillow,* 105 *Mass.* 18, 7 *Am. Rep.* 494; *Dorr v. Fisher,* 1 *Cush.* (*Mass.*) 271; *Chandler v. Childs,* 42 *Mich.* 128, 3 *N. W.* 297. But, after stating, generally, as the rationale of the doctrine, the desirability of avoiding circuity and multiplicity of actions, the Court limited its range to cases where it could be applied without a violation of principle or great inconvenience in practice; and there is nothing in the language of the Court to suggest that a defense by way of recoupment of damages for breach of warranty could be interposed in an action of replevin, in clear violation of the theory of the action; nor do the reported decisions in this State, with respect to the defense of recoupment, intimate a departure from the fundamental philosophy of all off-sets and recoupments, that they are offered by a defendant in opposition to some money demand asserted by the plaintiff.

There is nothing new in the declaration in the *Sales Act* that a contract to sell may be absolute or conditional. Conditional sales were recognized in this state long before the enactment of the *Conditional Sales Act* or of the *Sales Act. Watertown Steam Engine Co. v. Davis,* 5 *Houst.* 192; and before the passage of these acts, the action of replevin was recognized as a proper action to recover chattels sold under a contract of conditional sale; *Duplex Printing Press Co. v. Journal Printing Co.,* 1 *Penn.* 565, 43 *A.* 840; 2 *Woolley, supra,* § 1526. Nor does the remedy afforded the buyer by the Act, permitting him, in case of breach of warranty by the seller, to keep the goods and set up the breach in diminution or extinction of the price, announce any new principle. See *Shimp v. Siedel,* 6 *Houst.* 421.

The language of the remedial provision is perfectly applicable to, and harmonious and consistent with, our procedure where the action is brought to recover the price of the chattel sold. It is not applicable unless it can be said

that the Legislature intended it to apply to all forms of action, regardless of the theory of the action of replevin and the defense by way of recoupment of damages as understood at common law and followed in our practice.

In all doubtful matters, and when the statute is in general terms, it should receive such construction as is agreeable to the common law in cases of the same nature; and a statute is not to be understood as effecting any change in the common law beyond that which is clearly indicated either by express terms, or by necessary implication from the language used. 2 *Sutherland Stat. Con.*, §§ 454, 455; 59 *C. J.* 104. Procedural statutes should be construed, if possible, so as to preserve the essentials of harmony and consistency in the judicial system. *Wallen v. Collins,* 6 *W. W. Harr.* (36 *Del.*) 266, 173 *A.* 801.

The decision in the *Peuser Case,* no doubt, is in harmony with the system of remedial justice that prevails in New York under its *Code of Civil Procedure;* but that decision ought not to be regarded as controlling or persuasive under our system.

But, it is contended that the *Sales Act* itself, *Section* 100, *Chapter* 158, *Vol.* 38, *Del. Laws, Rev. Code* 1935, § 6053, requires it to be construed so as to make uniform the law of those states which enact it. *Stewart v. Hansen,* 62 *Utah* 281, 218 *P.* 959, 44 *A. L. R.* 340, is cited. There it was said that if a section of the *Uniform Sales Act* had been construed by the Court of last resort of any State in which the act was in force, it was the duty of the Court to follow the construction in order to comply with the spirit and purpose of the command of the interpretation section of the statute. See, also, *Commercial Nat. Bank v. Canal-Louisiana Bank & Trust Co.,* 239 *U. S.* 520, 36 *S. Ct.* 194, 60 *L. Ed.* 417. We have not been inattentive to this argument. The objective is eminently desirable, but its complete

attainment is, practically speaking, impossible. The two cases relied upon by the defendant are a sufficient demonstration. New York adopted the *Uniform Act* in 1911. The *Peuser Case* was decided in 1916. Oregon adopted the act in 1919. The *McCargar Case* was decided in 1924. Both cases were decided prior to the enactment of the act in this State in 1933. In New York, in replevin by a conditional vendor to recover possession, damages arising from a breach of warranty may be set up by way of recoupment in extinguishment of the price, under the remedial provision of the *Uniform Act*. In Oregon, the same provision was held applicable only where an action was brought to recover the purchase price. The first decision is contrary to the philosophy of the action of replevin as understood in this State. The second decision is in accord.

In the situation here presented discord had developed prior to our enactment of the *Uniform Act,* and even if it be conceded that the legislative mandate with respect to interpretation was meant to bind the Court in all aspects of the act, whether or not consistent with our jurisprudence, we are free to adopt that construction of the remedial provision which is in harmony with the spirit of our law. See *Howth v. J. I. Case, etc., Co., (Tex. Civ. App.)* 280 *S. W.* 238.

We are not called upon to decide the point as it has not been argued; but it may be questioned whether the notice of recoupment is sufficient under any aspect. The notice speaks of damages purely consequential which cannot be considered under recoupment. The theory of the defense of recoupment is that the defendant is allowed to avoid the contract which was made and substitute in its stead a quasi-contractual obligation for the value of that which he has received. 2 *Williston, Sales, 2d Ed.,* § 605.

We are of opinion that *Section* 98 (1) (*a*) of the *Uniform Act* is not applicable in an action of replevin

brought by a vendor to recover from a vendee the possession of a chattel sold under a contract of conditional sale reserving title and the right to retake on default of payment of price. The motion to strike the notice of recoupment is granted.