MATTEI & CO., INC., Complainant and Appellant, *v.* JOAQUÍN MALDONADO, Respondent and Appellee.

No. 9749. Argued November 7, 1949.—Decided November 9, 1949.

444

*Alfonso Miranda Esteve* and *R. Martínez Alvarez, Jr.,* for appellant. *C. Andréu Ribas* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On April 17, 1947, the parties herein entered into a contract of conditional sale in connection with a red, six-feet Fogel beverage cooler, having a ¼ horsepower Coplematic compressor, and the defendant bound himself to pay the price to the plaintiff in the following manner: $200 in cash, plus $100, which would be credited to him for a Blue Flash tank which he delivered at the time of the execution of the contract, and the remainder in 12 monthly instalments of $45.42. Three months later the plaintiff Mattei & Company, Inc., filed in the District Court of San Juan an affidavit stating the execution of the above contract and that the defendant was in possession of the said cooler and had failed to pay the instalments due on the months of May, June, and July, as well as all the remaining ones, up to the full payment of the debt. It also stated that it filed the affidavit in good faith and that it attached thereto a copy of the contract of conditional sale, containing a statement of its registration in the Conditional Sales Registry. The defendant answered in writing admitting that the plaintiff is owner of the said cooler, denying having purchased it, and stating that the cooler delivered to him was not the same one sold to him under the contract of conditional sale. He also alleged, that contrary to what was agreed, Mattei & Company Inc. had installed a defective cooler having a price different to that stipulated, and also that he complained thereof, and that the plaintiff told him that it would reduce the sum of $100 from the agreed price.

After the proper hearing was held and after oral and documentary evidence was introduced, the lower court rendered judgment dismissing the "complaint," and imposing costs on the plaintiff, plus $75 as attorney's fees. From that judgment the plaintiff has appealed and alleges, among other things, that the lower court erred in holding that due to the fact that the furniture, the object of the contract was delivered defective the vendor could not bring an action of replevin for the recovery and delivery of the chattel. It is correct.

Section 6 of Act No. 61 of April 13, 1916 (Sess. Laws, p. 123) as amended by Act No. 40 of June 27, 1925 (Sess. Laws, p. 246), provides that whenever articles are sold upon the condition that the title thereto shall remain in the vendor until the payment of the purchase price, the same may be retaken by the vendor on the breach of the conditions of sale, that in such case they shall be retained by the vendor for a period of 30 days counted from the time of such retaking, and during such period the buyer may comply with the terms of the contract and thereupon receive such goods; that after the expiration of said period if the purchaser does not comply with the terms of the contract, the vendor, may cause such articles to be sold at public auction and if such articles are not sold within 30 days after the expiration of said period, the vendee may recover of the vendor the amount paid on account less a reasonable charge for the use of the articles. It also provides that to enable the conditional vendor to recover the goods, the object of the conditional sale contract, he shall file in the corresponding court an affidavit showing that the vendee has failed to observe the terms of the contract and that the claim is made in good faith attaching to such affidavit a copy of the contract containing a statement of its registration. It also provides that upon receipt by the judge of the affidavit and of the copy of the contract, he shall summon the parties to a hear-

ing which shall be held within the 10 days following and that "if he deems the buyer has failed to comply with the condition, he shall issue an order directing the marshal to seize the claimed property which the marshal shall deliver to the conditional vendor, subject to the provisions of this Act."

 Undoubtedly relying on the preceding provisions the plaintiff filed the affidavit mentioned above. The documentary evidence referred to by the lower court in its statement of the case and opinion has not been sent up and, therefore, it can not be considered by us. The oral evidence tends to show, on the one side, that before the contract was signed, an employee of the plaintiff showed the defendant a catalogue containing a cooler similar to that, the object of the contract, and also that the purchaser subsequently went to plaintiff's establishment and a cooler identical to the one described in the catalogue was shown to him, but that the one delivered to him, although similar to the cooler appearing in the catalogue and to the one shown to him, had several dents; that although the purchaser personally signed the conditional sale contract, however, he was not in his establishment when the cooler was delivered; that when he returned to his business and noticed the dents he promptly went to plaintiff's establishment where he was told that a reduction of $100 would be made in the price, and that such promise has not been kept. That for the plaintiff tended to show, on the other hand, not only the sale and delivery of the cooler, the object of the contract entered into between the parties, but also that the defendant had not complied with the terms of the contract; that the price of coolers such as that delivered to the defendant was $900, and that precisely due to the dents in the cooler sold to him, a price of $800 was fixed, the remaining $45.04 being charged as interest.

The lower court did not believe the above statement of the plaintiff, and although it concluded that in accordance with the evidence the defendant had not complied with the

terms of the contract of sale, it stated, however, than when the purchaser does not comply with the contract because an article which is not in the conditions of that which was the object of the contract of conditional sale is delivered to him, then the vendor can not require its fulfillment, since it was the vendor himself who violated the contract. Relying on this and other grounds, it dismissed, as we have already stated, the petition for recovery brought by the plaintiff.

The decisions are conflicting as to whether in an action of replevin brought by the vendor to recover the possession of a chattel sold on conditional sale, for breach of contract by the purchaser, the latter may raise the defense of patent or latent defects in the goods, or of breach of warranty on the part of the vendor. Uniform Laws Annotated, vol. 2 A pp. 138, 142; Id. vol. 2, Cumulative Annual Pocket Part, year 1948, p. 18; *Mills Novelty Co.* v. *Transeau*, (Del., 1937), 196 Atl. 187 and cases cited therein; 7 A.L.R. 990; 48 A.L.R. 970; 130 A.L.R. 753; 47 Am. Jur. 95, § 888. The specific question involved herein has not been decided by this Court. Our Conditional Sales Act, No. 61 of 1916, is silent as to whether or not in an action to recover the possession to which we have already referred such defense may be raised. However, if it were decided that being the proceeding to recover possession special and summary on raising a defense such as the one pleaded herein by the purchaser, the petition for repossession should be dismissed, very little or nothing would be gained by it. An order to that effect would leave the parties in the same situation as that in which they were before the affidavit was filed as required by § 6 for instituting the action to recover the possession and would compel them to bring one or more independent suits to decide any existing conflict between them. We think, therefore, that since the parties are before the court and said court has jurisdiction over them and over the matter and that as the parties are given the opportunity to appear and be heard regarding their

claims and rights, the better practice should be to determine within the very action for recovery of possession such claims or rights, rather than to confine itself to the single fact of whether or not there has been noncompliance with the contract of conditional sale by the purchaser and, therefore, whether the restitution sought lies.

In *Smallwood* v. *District Court*, 50 P.R.R. 608 where in a like proceeding for the recovery·of possession the rights of third persons were involved, this Court reached a conclusion similar to the former one. In said case, *Smallwood Brothers* filed in the District Court of San Juan the proper affidavit seeking to recover from Wilfredo Norat a Ford automobile sold under a conditional sale contract since he had not complied with its terms. During the hearing Alberto Biascoechea appeared and alleged having an interest in the controversy as he had attached the automobile the subject matter of the litigation, in an independent action brought by him against Carolina Bus Line, Inc., which acquired the automobile by purchase from Norat. Biascoechea contended that the lower court could not determine the rights of all the interested parties in the automobile within the action brought by Smallwood to recover the possession and that such decision could be rendered only within a plenary third party action. In deciding the question thus raised this Court expressed itself in the following manner at pages 612 and 613:

"We cannot accept the theory of counsel for Mr. Biascoechea, which was adopted by the lower court, that the conditional seller is bound, in order to establish his rights as such, to resort to a plenary third party action. To accept such a theory would be to destroy completely the effect and fundamental purpose of the Conditional Sales Act, which is to give the conditional seller security and protection against the possible fraud ·of a buyer, and a speedy and adequate legal remedy to recover summarily the possession of the property over which this right has been expressly reserved.

"

"The district court could have and should have decided the controversy among Smallwood Brothers, as seller, Wilfred Norat, as conditional buyer, Carolina Bus Line, Inc., as subsequent buyer, and Alberto Biascoechea, as a creditor attaching a car sold conditionally within the special proceeding for repossession brought by the conditional seller, summoning all the parties interested to a hearing which should be held within ten days following the date of the summons."

See also *León* v. *District Court*, 52 P.R.R. 861, 864.

Indeed, we think that for the purpose of expediting the proceedings and of avoiding a multiplicity of suits it is preferable that questions such as the one raised herein be argued and decided within the action to recover possession giving to the parties, of course, a full opportunity to argue the controversy and to introduce the pertinent evidence which they might deem advisable in support of their respective claims.

Due to the conclusion we have reached, in remanding the case to the lower court, said court shall order the return to the plaintiff of the Fogel cooler the object of the proceeding. Once this is done said court shall determine the reduction which must be made in the price of the cooler by reason of the dents which the same had when delivered and then the clear and conclusive proceeding prescribed by § 6 *et seq.* of the Conditional Sales Act, *supra*, should be filed.

The judgment appealed from will be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.