Argued October 28, 1974, reversed and remanded January 30,
petitions for rehearing for appellant and respondent
denied February 25, 1975

SHANNON ET UX, *Respondents, v.*
MATHERS ET UX, *Appellants.*

531 P2d 705

*Charles E. Boardman,* Bend, argued the cause and filed a brief for appellants.

No appearance contra. William Holmes of Gray,

Fancher, Holmes & Hurley, Bend, filed a brief for respondents.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

O'CONNELL, C. J.

This is an action at law to recover money had and received by defendants for the use of plaintiffs. Plaintiffs are the buyers and defendants are the sellers under an earnest money contract for the sale of real estate. The trial court entered a judgment for plaintiffs for the amount of their earnest money deposit. Defendants appeal.

On August 31, 1972, the parties executed a contract for the sale to plaintiffs of a home and five acres of a large tract of land owned by defendants near Bend, Oregon. Plaintiffs failed to complete the transaction and brought this action to recover a deposit made pursuant to the contract.[1]

---

[1] The pertinent portions of this contract are as follows:

"The seller shall furnish to the purchaser in due course a title insurance policy in the amount of the purchase price of the real estate from a title insurance company showing good and marketable title. Prior to closing the transaction, the seller, upon request, will furnish to the purchaser a preliminary report made by a title company showing the condition of the title to said property. It is agreed that if the seller does not approve the above sale within the period allowed Realtor below in which to secure seller's acceptance, or if the title to the said premises is not marketable or cannot be made so within thirty days after notice containing a written statement of defects is delivered to seller, or if the seller, having approved said sale fails to consummate the same, the earnest money herein receipted for shall be refunded, but the acceptance by the purchaser of the refund does not constitute a waiver of other remedies available to him.

A loan commitment was obtained by plaintiffs from a savings and loan association on September 15, 1972. The preliminary title report was issued September 18th. Thereafter the parties agreed by telephone that plaintiffs would take possession the weekend of the 15th of October. Plaintiffs arrived in Bend from their former home in southern California on the afternoon of Sunday, October 15, and informed defendants that the movers would arrive sometime the next morning. Defendants agreed to surrender possession the next morning. The next morning plaintiffs went to the house, walked through it and departed. Within a few days the plaintiffs purchased another house in the Bend area.

Plaintiffs sought to justify their failure to complete the transaction on a number of grounds. First, they pointed out that their offer was expressly con-

"But if the above sale is approved by the seller and the title to the said premises is marketable, and the purchaser neglects or refuses to comply with any of the conditions of this sale within ten days from the furnishing of a preliminary title report and to make payments promptly, as hereinabove set forth, the earnest money and additional earnest money herein receipted for shall be forfeited to the undersigned Realtor to the extent of his agreed upon fee, and the residue, if any, shall be retained by the seller as liquidated damages and this contract thereupon shall be of no further binding effect. * * *

"* * *

"SELLER AND PURCHASER AGREE THAT SUBJECT SALE will be closed in escrow the cost of which shall be shared equally between seller and purchaser. Possession of the above described premises is to be delivered to the purchaser on or before *30 days after loan commitment* or as soon thereafter as existing law and regulations will permit removal of tenants, if any. Time is of the essence of this contract. SPECIAL CONDITIONS: *Offer subject to purchasers acceptance of preliminary title report.*" (The italicized portions were typewritten in the original form.)

ditional upon approval of the preliminary title report and that plaintiffs did not give their approval.

Secondly, they asserted that the title was objectionable in that the preliminary title report contained exceptions for (1) a variance between the legal description of a right-of-way easement and the roadway actually used for access, (2) an easement for an irrigation flume involving one in defendants' chain of title but which does not describe the location of the flume, and (3) an easement for electric power lines. Third, they argued that the metes and bounds description attached to the preliminary title report[2] yields an area 4.32, not five acres. Finally, they testified that defendants had not removed their possessions from the house on the morning of October 16 and possession was not, therefore, surrendered as required by contract.

After trial of the factual issues thus presented, the trial court, sitting without a jury, found that there had been no acceptance of the preliminary title report. In a letter opinion, the trial judge concluded that:

> "Lacking fulfillment of this express contract provision the purchasers would be entitled to recover the earnest money paid unless there was a waiver of the condition or conduct on purchasers' part constituting estoppel. The court finds no evidence of either waiver or conduct that would legally estop plaintiffs from such recovery."

Because of this view of the law, the trial court expressly refrained from determining the materiality of

---

[2] The contract does not contain a description of the land but merely states "Tax map 17 12 17 AKA Rt. 2, Box 180—Legal to be attached—Said land being five acres together with an access road and six (6) Bedroom home."

plaintiffs' objections to defendants' title. We cannot accept the trial court's interpretation of the contract.

The provision "Offer subject to purchasers acceptance of preliminary title report" is not to be understood as giving the purchasers unlimited discretion to relieve themselves of all obligation under the contract for whatever reason they chose or for no reason at all, thus rendering the contract illusory.[3]

It is not reasonable to expect that the parties meant to be bound only if the purchasers unilaterally chose to bind them.[4] In light of the common expectations of those engaged in real estate sales and the printed language of this contract, we hold that the plaintiffs were entitled to rely on the typewritten provision to relieve themselves of liability only if they rejected the preliminary title report for material defects in title which the defendants could not correct within a reasonable time.

The record is insufficient for us to determine if the defects in defendants' title alleged by plaintiffs were material, and if material, were not curable within a reasonable time. Neither are we able to say as a matter of law whether possession was available to plaintiffs on October 16, 1972.[5] We must, therefore, reverse and remand for a new trial.

[3] To the extent that Friendly v. Elwert, 57 Or 599, 605, 105 P 404, 111 P 690, 112 P 1085 (1911), not cited by either party, is inconsistent with the view we now express, it is overruled.

[4] See Annot., 47 ALR2d 445 (1956).

[5] The record seems to support the conclusion that even if defendants had not removed their furniture on the morning of the 16th as claimed by plaintiffs, they might very well have been able to do so during the day if plaintiffs had chosen to move in instead of abandoning the contract.